**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 05-94 (2) (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| THOMAS ANDERSON, | |
| Defendant. | |

Francis J. Magill, Jr., Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South 4th Street, Minneapolis, MN 55415, for plaintiff.

Thomas Anderson, #01386-090, FMC-Rochester, PMB 4000, Rochester, MN 55903-4000, defendant *pro se*.

On March 1, 2006, following approximately two weeks of trial, a jury found defendant Thomas Anderson guilty of seventeen counts of mail fraud. *See* 18 U.S.C. § 1341. The Court subsequently sentenced Anderson to fifty-one months imprisonment. Anderson's conviction was affirmed on direct appeal. *See United States v. Heppner*, 519 F.3d 744 (8th Cir. 2008), *cert. denied sub nom. Anderson v. United States*, 129 S. Ct. 250 (Oct. 6, 2008). Anderson now brings eight motions seeking various forms of relief. The Court addresses those motions separately below.

## DISCUSSION

**I.  MOTIONS TO OBTAIN TRIAL RECORDS AND EXHIBITS** [Docket Nos. 200, 212]

On June 2, 2008, Anderson filed a *pro se* motion requesting access to all of the trial records in his case, including "transcripts, exhibits and court docket." (Docket No. 200.) On November 19, 2008, Anderson filed a motion indicating that he had now received his "criminal trial file" from his attorney, but still had not received certain exhibits submitted by the prosecution. (Docket No. 212, at 1-2.) Anderson argues that he needs the requested items in order to prepare a motion under 28 U.S.C. § 2255.

Generally, defendants seeking access to trial materials must first demonstrate that those materials are relevant to non-frivolous legal complaints. *See generally Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995). Here, however, the prosecution has indicated that it has voluntarily provided the exhibits requested by Anderson. (*See* Docket No. 215, Ex. A.) Accordingly, Anderson's motions for trial materials are denied as moot.

**II.  MOTION FOR RELIEF FROM JUDGMENT** [Docket No. 204]**, MOTION FOR EVIDENTIARY HEARING** [Docket No. 207]**, MOTION TO WITHDRAW** [Docket No. 216]

On September 24, 2008, Anderson filed a motion seeking relief from his sentence due to fraud on the Court.[1] Anderson filed a separate motion on the same day seeking an evidentiary hearing on this motion. On February 10, 2009, Anderson filed a motion

---

[1] On October 30, 2008, Anderson filed a motion seeking a status update on this motion. (Docket No. 211.) That motion is denied as moot.

seeking to withdraw these motions, suggesting that he would prefer to address the issue in a forthcoming motion under 28 U.S.C. § 2255. The Court agrees that judicial economy is best served by considering all of Anderson's claims in a single proceeding. Accordingly, the Court grants Anderson's request to withdraw both his motion alleging fraud on the court and his motion seeking an evidentiary hearing.[2]

### III.   MOTION FOR THE RETURN OF PROPERTY [Docket No. 213]

On December 16, 2008, Anderson filed a motion for the return of property, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Rule 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Anderson seeks property obtained by the government on two separate occasions.

First, Anderson claims that the government has yet to return several boxes of documents which were seized from his house during the execution of a search warrant on August 24, 2005. While fifteen boxes of documents were recovered by the government that day, Anderson claims that only eleven boxes have been returned. The prosecution responds that it has provided Anderson with copies of all of the seized documents. The prosecution explains that because many of the fifteen seized boxes were not full, it is plausible that only eleven boxes were necessary to provide Anderson with copies. In reply, Anderson indicates that he has not had an opportunity to verify the prosecution's contention. Accordingly, the Court denies Anderson's motion for return of property

---

[2] The Court adds that Anderson is of course free to argue that the Court should hold an evidentiary hearing on the issues raised in his motion under § 2255.

without prejudice to the extent that it seeks the return of the seized documents. Should Anderson ultimately discover that documents are missing, he is free to seek those documents in a new motion.

Anderson also seeks the return of a computer hard drive, which was voluntarily surrendered to the government by a third party witness on August 23, 2005. While the witness informed investigators that Anderson abandoned his property rights to the hard drive, Anderson now asserts that he is still the hard drive's owner. In response, the prosecution indicates that it would not object to an order requiring it to return the hard drive to the third party witness, leaving it to the witness and Anderson to settle the question of whether Anderson maintains an ownership interest. In light of the fact that the prosecution initially received the hard drive from the third party witness, and that an affidavit from a government agent indicates that the witness believed that the hard drive was now the property of his company, (*see* Agnew Aff., Docket No. 215, Ex. C., ¶ 4), the Court agrees that this is an appropriate resolution. *See United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (explaining that the government need not return seized property to a criminal defendant where there is "a cognizable claim of ownership or right to possession adverse to that of the defendant" (internal quotation marks omitted)). If the witness fails to return the hard drive to Anderson, and if Anderson wishes to continue to pursue this matter, he should do so in civil proceedings against the third party witness. Accordingly, Anderson's motion for return of property is denied to the extent that it seeks the return of his hard drive, and the prosecution is ordered to return the hard drive to the witness from whom it was obtained.

## IV. MOTION FOR CONTINUANCE [Docket No. 219]

Rule 33(b)(1) of the Federal Rules of Criminal Procedure states, in relevant part, that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within three years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Anderson was found guilty by a jury on March 1, 2006, meaning that this three-year deadline expired on March 1, 2009. On March 18, 2009, Anderson requested a 90-day extension of this deadline, contending that he discovered new evidence on March 12, 2009.

In a criminal proceeding, if a party acts after the specified time period allowed for that action, the court may, for good cause, extend the time period "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). Here, however, Anderson has not informed the Court what the new evidence is; how he discovered it; or why it is "excusable" that he failed to discover it within three years of the jury's verdict. Accordingly, Anderson's motion must be denied. The Court notes, however, that if Anderson wishes to continue to seek relief under Rule 33(b)(1), he is free to file a new motion under Rule 45 explaining the nature of the new evidence, and explaining why it is excusable that it was not brought to the Court's attention before the expiration of Rule 33(b)(1)'s three-year deadline.

# ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Anderson's motion for access to trial records [Docket No. 200] and motion for trial exhibits [Docket No. 212] are **DENIED as moot**.

2. Anderson's motion to withdraw his motions alleging fraud on the Court [Docket No. 216] is **GRANTED**. Anderson's motion for relief from judgment due to fraud upon the Court [Docket No. 204] and his motion for an evidentiary hearing on that motion [Docket No. 207] are **WITHDRAWN**.

3. Anderson's motion for the return of property [Docket No. 213] is **DENIED without prejudice** to the extent that Anderson seeks the return of seized documents. To the extent that it seeks the return of his hard drive, the motion is **DENIED**. The government is **ORDERED** to return the hard drive to the witness from whom it was obtained.

4. Anderson's motion for a continuance [Docket No. 219] is **DENIED without prejudice**.

5. Anderson's motion for a status update on his motion alleging fraud on the court [Docket No. 211] is **DENIED as moot**.

DATED: August 25, 2009
at Minneapolis, Minnesota.

                                                                                                                                               s/ John R. Tunheim
                                                                            JOHN R. TUNHEIM
                                                             United States District Judge